[Cite as *State v. Colwell*, 2026-Ohio-3036.]

IN THE OHIO COURT OF APPEALS
FIFTH APPELLATE DISTRICT
DELAWARE COUNTY, OHIO

| STATE OF OHIO | Case No. 26 CAA 02 0011 |
|---|---|
| Plaintiff - Appellee | Opinion and Judgment Entry |
| -vs- | Appeal from the Delaware County Court of Common Pleas, Case No. 25 CRI 10 0660 |
| DANNY LEE COLWELL | Judgment: Affirmed |
| Defendant - Appellant | Date of Judgment Entry: August 6, 2026 |

**BEFORE:** William B. Hoffman; Robert G. Montgomery; Kevin W. Popham, Judges

**APPEARANCES:** Melissa A. Schiffel, Delaware County Prosecuting Attorney, Katheryn L. Munger, Assistant Prosecuting Attorney, for Plaintiff-Appellee; Jonathan W. Klein, for Defendant-Appellant.

*Hoffman, P.J.*

{¶1}  Defendant-Appellant Danny Lee Colwell appeals his sentence entered in the Delaware County Common Pleas Court on one count of Domestic Violence, following a guilty plea. Plaintiff-Appellee is the State of Ohio.

STATEMENT OF THE FACTS AND CASE

{¶2}  On October 5, 2025, Delaware County Sheriff Deputies were dispatched in response to a reported domestic disturbance. The caller reported to dispatch her "granddaughter and boyfriend are in it" and the male, later identified as Appellant Danny Lee

Colwell, had left the area on foot. The caller stated Appellant was not wearing a shirt. When deputies arrived in the area, a shirtless male was observed standing outside the residence smoking a cigarette. Appellant stated his girlfriend M.M. had "attacked him" and held a knife blade to his throat.

{¶3} M.M. informed deputies Appellant had confronted her and demanded she refer to him as "alpha" and when she refused, he physically tackled her to the ground. M.M. reported Appellant placed one hand around her throat and the other hand at the back of her neck, causing her to have difficulty breathing during the attack. Appellant also threw her to the ground and tackled her repeatedly. M.M. was noted to have bruising developing under her left eye.

{¶4} M.M. stated she got away and retreated into the house, but Appellant forced his way inside, grabbed her by her neck, and shoved her into a wall. M.M. then called out to her mother for help.

{¶5} Appellant told deputies he and M.M. were only "playfighting". He accused her of "acting like the big dog or alpha dog" and said the two got into a wrestling match. Appellant told the deputies he disarmed her from holding a knife and admitted he grabbed her by her neck and placed her in a chokehold in self-defense.

{¶6} On October 9, 2025, the Delaware County Grand Jury returned an Indictment, charging Appellant with the following: Count One: Strangulation, in violation of R.C. 2903.18(B)(2), a third-degree felony, Count Two: Strangulation, in violation of R.C. 2903.18(B)(3), a fourth-degree felony, and Count Three: Domestic Violence, in violation of R.C. 2919.25(A), a fourth-degree felony.

{¶7} On December 10, 2025, Appellant entered a written plea of guilty to Count Three of the Indictment. Counts One and Two were dismissed pursuant to negotiations. Sentencing was continued to allow for the completion of a Pre-Sentence Investigation.

{¶8} On January 12, 2026, at the sentencing hearing, the State referred to the dismissed allegations and asked the trial court to consider them as part of a broader pattern of behavior. (T. at 4–5). The prosecutor acknowledged several of the allegations did not result in convictions but argued these allegations demonstrated a pattern and supported a prison sentence. (T. at 5).

{¶9} Defense counsel presented mitigation, explaining Appellant struggles with substance abuse and mental health issues, and suggested options for treatment and rehabilitation. Counsel emphasized structured treatment and supervision would better serve the purposes of sentencing than incarceration. (T. at 7–9).

{¶10} The trial court sentenced Appellant to fourteen (14) months in prison, with credit for 100 days served. (See 1/14/2026 Judgment Entry of Prison Sentence).

{¶11} It is from the January 14, 2026, Judgment Entry Appellant now appeals, assigning the following errors for review:

ASSIGNMENTS OF ERROR

I. The trial court's sentence is contrary to law because it failed to properly apply R.C. 2929.11 and R.C. 2929.12.

II. The trial court's sentence is contrary to law because it relied on dismissed and unproven allegations.

LAW AND ANALYSIS

{¶12}  As both of Appellant's assignments of error contend his sentence was contrary to law, we shall address them together.

{¶13}  Appellant argues the trial court did not meaningfully apply R.C. §2929.11 and §2929.12, claiming the court focused almost entirely on punishment and the risk of reoffending and giving little attention to mitigation. Appellant further argues the trial court improperly relied upon unproven allegations.

## Standard of Appellate Review

{¶14}  We review felony sentences using the standard of review set forth in R.C. 2953.08. *State v. Roberts*, 2020-Ohio-6722, ¶ 13 (5th Dist.), *citing State v. Marcum*, 2016-Ohio-1002. R.C. §2953.08(G)(2) provides we may either increase, reduce, modify, or vacate a sentence and remand for sentencing where we clearly and convincingly find either the record does not support the sentencing court's findings under R.C. §2929.13(B) or (D), §2929.14(B)(2)(e) or (C)(4), or §2929.20(I), or the sentence is otherwise contrary to law. *Id., citing State v. Bonnell*, 2014-Ohio-3177, 140 Ohio St.3d 209, 16 N.E.3d 659.

{¶15}  A sentence is "otherwise contrary to law" when it violates a statute or legal regulation. *State v. Jones*, 2020-Ohio-6729, ¶ 34, quoting *Black's Law Dictionary* (6th Ed. 1990). Thus, a sentence imposed based on factors or considerations beyond those permitted by R.C. §2929.11 and §2929.12 is contrary to law. *State v. Bryant*, 2022-Ohio-1878, ¶ 22.

{¶16}  When sentencing a defendant, the trial court must consider the purposes and principles of felony sentencing set forth in R.C. §2929.11 and the seriousness and recidivism factors in R.C. §2929.12. *State v. Hodges*, 2013-Ohio-5025, ¶ 7 (8th Dist.).

{¶17} "The overriding purposes of felony sentencing are to protect the public from future crime by the offender and others, to punish the offender, and to promote the effective rehabilitation of the offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources." R.C. §2929.11(A). To achieve these purposes, the sentencing court shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both. *Id.* Further, the sentence imposed shall be "commensurate with and not demeaning to the seriousness of the offender's conduct and its impact on the victim, and consistent with sentences imposed for similar crimes by similar offenders." R.C. §2929.11(B).

{¶18} R.C. §2929.12 lists general factors which must be considered by the trial court in determining the sentence to be imposed for a felony and gives detailed criteria which do not control the court's discretion, but which must be considered for or against severity or leniency in a particular case. The trial court retains discretion to determine the most effective way to comply with the purpose and principles of sentencing as set forth in R.C. §2929.11.

{¶19} Nothing in R.C. §2953.08(G)(2) permits this Court to independently weigh the evidence in the record and substitute our own judgment for that of the trial court to determine a sentence which best reflects compliance with R.C. §2929.11 and R.C. §2929.12. *State v. Jones*, 2020-Ohio-6729, ¶ 42. Instead, we may only determine if the sentence is contrary to law.

{¶20} A sentence is not clearly and convincingly contrary to law where the trial court "considers the principles and purposes of R.C. 2929.11, as well as the factors listed in R.C.

2929.12, properly imposes post release control, and sentences the defendant within the permissible statutory range." *State v. Pettorini*, 2021-Ohio-1512, ¶¶ 14-16 (5th Dist.).

**{¶21}** Initially, we find the fourteen-month prison sentence imposed is within the statutory range.

**{¶22}** At the sentencing hearing and in its Judgment Entry of Prison Sentence, the trial court stated it considered the principles and purposes of R.C. §2929.11, and the factors listed in R.C. §2929.12. The court considered Appellant's lengthy criminal history and his numerous violations of community control sanctions resulting in termination and the imposition of jail sentences. (Sent. T. at 15-18). The court specifically stated it found the violation of treatment in lieu troubling and noted it was also the most recent interaction Appellant had with the criminal justice system. (Sent. T. at 18). The court considered the seriousness of the crime, that it was a crime of violence, and the victim suffered physical harm. (Sent. T. at 18, 19). The court also considered Appellant's very high score for recidivism (a score of 8) on the Ohio Domestic Violence Assessment. The court found Appellant has demonstrated a pattern of drug abuse with a refusal to acknowledge the problem and refused treatment. (Sent. T. at 19). The court acknowledged Appellant showed remorse at the sentencing hearing but failed to show remorse in the PSI. Id. The court also stated it found Appellant was "not amenable to community control and that a prison term is necessary to protect the public and a non-prison term would demean the seriousness of [Appellant's] conduct." (Sent. T. at 21).

**{¶23}** Appellant also argues the trial court improperly "relied on allegations that were never proven". In support, Appellant cites this Court's decision in *State v. Davis*, 2022-Ohio-2123, ¶ 17 (5th Dist.) for the proposition the court should not sentence based on unproven

conduct. (Appellant's Brief at 4). In *State v. Davis*, the trial court considered and placed great weight on an allegation Davis had failed to follow probation orders to enter into domestic violence counseling. However, Davis had never been charged or had a violation for failure to enter domestic violence counseling. Davis had no knowledge of said allegation or notice to defend against the same.

{¶24} Here, we find the trial court properly considered Appellant's past criminal history, as set forth in the PSI, which included convictions for theft in 2007, possession of drugs in 2007, possession of drug paraphernalia in 2008, unauthorized use of a vehicle in 2010, having weapons while intoxicated in 2010, aggravated menacing in 2015, possession of marijuana in 2020, OVI in 2020, a violation of a protection order in 2023, and he was found in violation of community control numerous times and was unsuccessfully terminated more than once. (Sent. T. at 4-5, 8-9, 16-17).

{¶25} Appellant had first-hand knowledge of his own criminal history as well as prior notice of what was contained in the PSI.

{¶26} Based on the foregoing, we find Appellant's sentence is not contrary to law. Appellant's assignments of error are overruled.

{¶27}  The judgment of the Delaware County Court of Common Pleas is affirmed.

{¶28}  Costs to Appellant.


By: Hoffman, P.J.

Montgomery, J. and

Popham, J. concur.